**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TERRENCE ZEHRER, Derivatively on Behalf of HARBOR INTERNATIONAL FUND, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-cv-00789 |
| | ) | |
| HARBOR CAPITAL ADVISORS, INC. | ) | Honorable Joan H. Lefkow |
| | ) | |
| Defendant, | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| HARBOR INTERNATIONAL FUND, | ) | |
| | ) | |
| Nominal Defendant. | ) | |

**MEMORANDUM OF LAW OF NOMINAL DEFENDANT
HARBOR INTERNATIONAL FUND
IN SUPPORT OF ITS MOTION TO DISMISS**

Joni S. Jacobsen
Angela M. Liu
Dechert LLP
77 West Wacker Drive
Suite 3200
Chicago, IL 60601

Matthew L. Larrabee (admitted *pro hac vice*)
David A. Kotler (admitted *pro hac vice*)
Joanna L. Barry (admitted *pro hac vice*)
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036

*Attorneys for Nominal Defendant Harbor
International Fund*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND ................................................................................................ 3

ARGUMENT ........................................................................................................................ 4

I.      PLAINTIFF CANNOT STATE A SECTION 36(B) CLAIM AGAINST THE FUND ....................................................................................................................... 5

II.     PLAINTIFF HAS FAILED TO STATE A SECTION 47(B) CLAIM ............................ 6

      A.     Plaintiff's Section 47(b) Claim Is A Derivative Claim ........................................ 7

      B.     Plaintiff Has Failed To Comply With The Pre-Suit Demand Requirements For His Derivative Section 47(b) Claim ............................................................. 8

CONCLUSION .................................................................................................................... 11

## TABLE OF AUTHORITIES

CASES

*Aronson v. Lewis*,
473 A.2d 805 (Del. 1984) ............................................................................8, 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................4

*Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart*,
845 A.2d 1040 (Del. 2004) ............................................................................9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................4

*Bissessur v. Ind. Univ. Bd. of Trs.*,
581 F.3d 599 (7th Cir. 2009) ............................................................................4

*Daily Income Fund, Inc. v. Fox*,
464 U.S. 523 (1984) ............................................................................5, 6, 9

*Davis v. Bailey*,
No. CIVA05CV00042, 2005 WL 3527286 (D. Colo. Dec. 22, 2005) ....................7

*Estate of Davis v. Wells Fargo Bank*,
633 F.3d 529 (7th Cir. 2011) ............................................................................4

*Forsythe v. Sun Life Fin., Inc.*,
417 F. Supp. 2d 100 (D. Mass. 2006) ............................................................................5

*Green v. Fund Asset Mgmt., L.P.*,
147 F. Supp. 2d 318 (D.N.J. 2001), *aff'd*, 286 F.3d 682 (3d Cir. 2002)....................5

*Grimes v. Donald*,
673 A.2d 1207 (Del. 1996) ............................................................................8

*Hamilton v. Allen*,
396 F. Supp. 2d 545 (E.D. Pa. 2005) ............................................................................7

*In re Abbott Depakote S'holder Deriv. Litig.*,
909 F. Supp. 2d 984 (N.D. Ill. 2012) ............................................................................8, 9

*In re Citigroup Inc. S'Holder Deriv. Litig.*,
964 A.2d 106 (Del. Ch. 2009) ............................................................................8

*In re Eaton Vance Mut. Fund Fee Litig.*,
380 F. Supp. 2d 222 (S.D.N.Y. 2005) ............................................................................5

-ii-

*In re Merck & Co. Sec., Deriv. & ERISA Litig.*,
    493 F.3d 393 (3d Cir. 2007)........................................................................9

*In re Nuveen Fund Litig.*,
    No. 94 C 360, 1996 WL 328006 (N.D. Ill. June 11, 1996) .....................6

*Kamen v. Kemper Fin. Servs.*,
    659 F. Supp. 1153 (N.D. Ill. 1987) .........................................................9

*King v. Douglass*,
    973 F. Supp. 707 (S.D. Tex. 1996) ..........................................................6

*Lessler v. Little*,
    857 F.2d 866 (1st Cir. 1988)....................................................................7

*Levine v. Prudential Bache Props., Inc.*,
    855 F. Supp. 924 (N.D. Ill. 1994) ...........................................................8

*Levine v. Smith*,
    591 A.2d 194 (Del. 1991) .........................................................................8

*Millenco L.P. v. MEVC Advisors, Inc.*,
    No. CIV. 02-142, 2002 WL 31051604 (D. Del. Aug. 21, 2002) .............5

*Miller v. Mitchell Hutchins Asset Mgmt., Inc.*,
    No. 01-CV-00192, 2003 WL 24260305 (S.D. Ill. Mar. 6, 2003) ...........6

*Oakland Cnty. Emps. Ret. Sys. v. Massaro*,
    772 F. Supp. 2d 973 (N.D. Ill. 2011) ......................................................8

*Pfeiffer v. Bjurman, Barry & Assocs.*,
    215 F. App'x 30 (2d Cir. 2007) ...............................................................5

*Stone v. Ritter*,
    911 A.2d 362 (Del. 2006) .........................................................................8

*White v. Panic*,
    783 A.2d 543 (Del. 2001) .........................................................................9

*Zurich Capital Mkts. Inc. v. Coglianese*,
    332 F. Supp. 2d 1087 (N.D. Ill. 2004) ....................................................9

## STATUTES

15 U.S.C. § 80a-35(b) ............................................................... *passim*

15 U.S.C. § 80a-46(b) ............................................................... *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)...................................................................................................1, 4

Fed. R. Civ. P. 23.1 ............................................................................................... *passim*

Nominal Defendant Harbor International Fund (the "Fund") respectfully submits this memorandum of law in support of its motion to dismiss Plaintiff's Verified Complaint (the "Complaint" or "Compl.") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 23.1.

## PRELIMINARY STATEMENT

The Investment Company Act of 1940 ("ICA") makes the independent trustees who sit on a mutual fund's board (the "Independent Trustees") responsible for governance of the fund, for the benefit of shareholders, in much the same manner as a corporation's board of directors is charged with governance of a corporation for the benefit of company stockholders. In the case of a mutual fund, this critical governance responsibility includes, but is not limited to, protecting the fund and its shareholders (i.e., investors such as Plaintiff) in their dealings with the manager of the fund, *i.e.*, the "adviser." Plaintiff's Complaint seeks to usurp these important governance responsibilities from the Independent Trustees and instead place them solely in the hands of Plaintiff and his counsel – hardly the result that Congress envisioned when it enacted the ICA.

As explained by the United States Supreme Court, the Independent Trustees function as the "watchdogs" of the relationship between the fund and the adviser. This role is especially important with regard to fee arrangements between the adviser and the fund. Respecting this watchdog role, the Supreme Court has ruled that if the trustees are independent and have in place a thorough process to determine the appropriateness of fee arrangements, courts should not "second-guess" their business judgment. To the contrary, the judiciary should defer to the judgments of the trustees instead of engaging in its own "reasonableness" evaluation of the fees. Here, the Fund's Independent Trustees, after a rigorous process guided by sophisticated independent counsel, arrived at what they concluded was an appropriate fee arrangement with the Fund's adviser, defendant Harbor Capital Advisors, Inc. ("HCA"), which is memorialized in

the Investment Advisory Agreement between the Fund and HCA dated July 1, 2013 (the "Advisory Agreement").

Nevertheless, Plaintiff now not only seeks to overturn the business judgment of the Independent Trustees, and the vote of the Fund's shareholders, on the grounds that the fees paid to HCA pursuant to the Advisory Agreement are supposedly "excessive" in violation of Section 36(b) of the ICA, but he also has chosen to make the Fund a party to that effort (a "nominal defendant") and further seeks to bypass the judgment of the Independent Trustees altogether by pursuing a derivative claim for rescission of the Advisory Agreement on behalf of the Fund under Section 47(b) of the ICA without first making the required demand on the Independent Trustees. As concerns the Fund, Plaintiff's Complaint fails from the outset: (1) Plaintiff cannot under any circumstances state a claim by or against the Fund under Section 36(b), and (2) he cannot proceed derivatively on behalf of the Fund under Section 47(b) without first satisfying the demand requirement.

Under the plain language of the ICA, the Fund is not a proper party to a Section 36(b) claim. In enacting Section 36(b), Congress could not have been clearer that the only proper defendant on this claim is a "recipient" of the allegedly excessive fees. Far from being a "recipient" of the challenged fees, the Complaint concedes that the Fund *paid* those fees to HCA. Moreover, because a Section 36(b) claim is not one that the Fund itself could bring (because it is not a "security holder" in the Fund, as required by Congress in enacting Section 36(b)), the Fund cannot be a "nominal" defendant for purposes of a derivative claim by a Fund shareholder such as Plaintiff. The Fund therefore cannot be named as a party to Plaintiff's Section 36(b) claim in any capacity as a matter of law.

Moreover, to the extent that Plaintiff is seeking to rescind the Advisory Agreement in its entirety pursuant to Section 47(b) of the ICA, that claim also fails. By its express terms, Section 47(b) permits only a "party" to an advisory agreement to seek rescission of the agreement. Here, Plaintiff is not a party to the Advisory Agreement; rather, as the Complaint concedes, the Fund and HCA are the sole parties to that Agreement. Accordingly, Plaintiff cannot pursue rescission under Section 47(b) unless he has legal standing to assert a claim by the Fund, i.e., standing to proceed derivatively. Under bedrock principles of corporate governance law, however, Plaintiff has no standing to assert the Fund's claim unless he either satisfies the pre-suit demand requirements of Fed. R. Civ. P. 23.1 or alleges facts sufficient to meet the high threshold for showing that demand is excused under the applicable state (Delaware) law. Plaintiff has not even attempted to meet either of these important procedural safeguards, which are designed to ensure that the Fund (through the Independent Trustees), as opposed to a litigation plaintiff and his counsel, will make the business judgment as to whether rescission of the advisory agreement is in the best interests of the Fund and all of its shareholders. Because Plaintiff has not satisfied the pre-suit demand requirements, he cannot proceed on his derivative Section 47(b) claim.

## FACTUAL BACKGROUND

The Fund is a series of a Delaware statutory trust that is registered as an investment company under the ICA. *See* Compl. ¶ 8 & n.1. In July 2013, the Fund entered into the Advisory Agreement with HCA, under which HCA agreed to provide the Fund with "investment research, advice, and supervision" and to "furnish continuously an investment program for the Fund." *Id*. ¶¶ 9, 15. HCA also agreed to "advise and assist the officers of the Trust in taking such steps as are necessary or appropriate to carry out the decisions of the Trustees." *Id*. ¶ 15. HCA has sub-contracted with Northern Cross, LLC to assist in carrying out its responsibilities, pursuant to a Sub-Advisory Agreement. *See id*. ¶ 16.

Plaintiff's Complaint, which consists primarily of conclusory legal assertions and re-trod allegations from other lawsuits, avers that the advisory fee paid to HCA for managing the Fund is excessive. On this basis, he asserts one count, for violation of Section 36(b), which he is purporting to pursue "derivatively" on behalf of the Fund. *Id*. ¶ 39. Plaintiff also includes a single allegation in which he purports to allege an "alternative" claim, under Section 47(b), seeking rescission of the "Advisory Agreement between defendant HCA and Harbor International Fund." *Id*. ¶ 44. Despite including these claims in his Complaint and naming the Fund as a "nominal defendant," Plaintiff pleads no specific facts even suggesting, let alone demonstrating, that (i) the Fund was a "recipient" of compensation under Section 36(b), or (ii) Plaintiff either made a demand regarding his claims on the Fund or has a plausible basis to demonstrate that demand would be futile.

## ARGUMENT

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) ("[A] plaintiff has the obligation to provide the factual 'grounds' of his entitlement to relief (more than 'mere labels and conclusions'), and a 'formulaic recitation of a cause of actions elements will not do.'"). Rather, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 556 U.S. at 570). "To withstand a Rule 12(b)(6) challenge after *Iqbal* and *Twombly*, 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011).

Under these standards, Plaintiff has not (and cannot) state a plausible claim against the Fund. For the reasons set forth below, the Complaint should be dismissed as to the Fund.

## I. PLAINTIFF CANNOT STATE A SECTION 36(b) CLAIM AGAINST THE FUND

Section 36(b) of the ICA provides that no "action shall be brought or maintained against any person other than the ***recipient*** of such compensation or payments, and no damages or other relief shall be granted against any person other than the ***recipient*** of such compensation or payments." 15 U.S.C. § 80a-35(b)(3) (emphasis added). Applying this statutory provision, courts uniformly have recognized that Section 36(b) "action may be brought only against those who are 'recipient[s]'" of the allegedly excessively compensation or payments. *Pfeiffer v. Bjurman, Barry & Assocs.*, 215 F. App'x 30, 32 (2d Cir. 2007).[1]

Here, Plaintiff has not alleged (and under no circumstances can allege) that the Fund was a "recipient" of any alleged excessive "compensation or payments." Rather, as the Complaint properly acknowledges, the Fund *paid* the advisory fees that Plaintiff challenges. Accordingly, Plaintiff cannot, as a matter of law, state a Section 36(b) claim against the Fund.

Nor can Plaintiff include the Fund as a "nominal defendant" in an effort to assert a derivative claim under Section 36(b). The ICA limits the universe of plaintiffs permitted to bring a Section 36(b) claim "on behalf" of a fund to the Securities and Exchange Commission and "a security holder" of such fund. 15 U.S.C. § 80a-35(b). *See Daily Income Fund, Inc. v. Fox*, 464

---

[1]     *Accord Millenco L.P. v. MEVC Advisors, Inc.*, No. CIV. 02-142, 2002 WL 31051604, at *1 n. 2 (D. Del. Aug. 21, 2002) ("§ 36(b) of the ICA prohibits an action against the Fund because it has not received compensation or payments from a registered investment company"); *Forsythe v. Sun Life Fin., Inc.*, 417 F. Supp. 2d 100, 117 (D. Mass. 2006) (holding that mutual fund trustees were "not proper § 36(b) defendants" because they were not recipients of fees for "advisory services"); *In re Eaton Vance Mut. Fund Fee Litig.*, 380 F. Supp. 2d 222, 238 (S.D.N.Y. 2005) (holding that Section 36(b) claim "not properly brought against . . . the Trustee Defendants because they were not recipients of the allegedly improper fees"); *Green v. Fund Asset Mgmt., L.P.*, 147 F. Supp. 2d 318, 329-30 (D.N.J. 2001) (dismissing § 36(b) claim against officers of funds because they were not "recipients" of compensation alleged to be wrongful under the statute where plaintiffs' only allegation of receipt was regular salary paid to directors), *aff'd*, 286 F.3d 682 (3d Cir. 2002).

- 5 -

U.S. 523, 542 (1984) (recognizing that "the fiduciary duty imposed on investment advisors by [Section 36(b)] be enforced solely by security holders of the investment company and the SEC"). Although Section 36(b) permits a "security holder" – i.e., Plaintiff – to sue "on behalf of" the Fund, it does so through "a direct cause of action," only. *In re Nuveen Fund Litig.*, No. 94 C 360, 1996 WL 328006, at \*6 (N.D. Ill. June 11, 1996); *accord Miller v. Mitchell Hutchins Asset Mgmt., Inc.*, No. 01-CV-00192, 2003 WL 24260305, at \*2 (S.D. Ill. Mar. 6, 2003) ("Shareholders may bring direct private causes of action under § 36(b) . . . ."). Indeed, in *Daily Income Fund,* the Supreme Court expressly held that a Section 36(b) claim is <u>not</u> a claim that a fund itself can bring: "Instead of establishing a corporate action from which a shareholder's right to sue derivatively may be inferred, § 36(b) expressly provides only that the new corporate right it creates may be enforced by the [SEC] and security holders of the company." 464 U.S. at 535. Thus, because the Fund itself cannot bring a Section 36(b) claim, Plaintiff cannot name the Fund as a "nominal defendant" to a Section 36(b) claim under a derivative theory. *See King v. Douglass*, 973 F. Supp. 707, 725 (S.D. Tex. 1996) ("Ironically Plaintiffs have alleged a derivative claim on behalf of the Fund against ECM regarding ECM's fiduciary duty under 36(b) . . . . [s]uch a claim can only be brought by a shareholder in a direct action.").

In sum, because the Fund is not a proper party to Plaintiff's Section 36(b) claim in any capacity, the Fund should be dismissed as a "nominal defendant" to that claim.

## II.    PLAINTIFF HAS FAILED TO STATE A SECTION 47(b) CLAIM

Plaintiff's Complaint asserts that, "[a]lternatively" to his damages claim under Section 36(b), he also "seeks rescission of the contracts and restitution of all the excessive fees paid pursuant thereto," under Section 47(b). Compl. ¶ 44. Because Plaintiff is not a party to the Advisory Agreement, he may only pursue Section 47(b) relief derivatively and therefore

pursuant to the requirements of Fed. R. Civ. P. 23.1 and applicable state (Delaware) law. Plaintiff has not done so, and his Section 47(b) claim therefore must be dismissed.

### A.     Plaintiff's Section 47(b) Claim Is A Derivative Claim

Section 47(b) of the ICA provides that "[a] contract that is made, or whose performance involves, a violation of [the ICA] . . . is unenforceable *by either party*."  15 U.S.C. § 80a-46(b)(1) (emphasis added).  Consistent with the plain language of Section 47(b), courts have long recognized that the right to seek rescission of a contract under that section belongs exclusively to the contracting parties.  *See Lessler v. Little*, 857 F.2d 866, 874 (1st Cir. 1988) ("[A] shareholder such as Lessler lacks standing to pursue on his own claims properly belonging to the corporation.").

As the Complaint concedes, Plaintiff is not a party to the Advisory Agreement.  *See* Compl. ¶ 44 (seeking rescission of the "Advisory Agreement between defendant Harbor Capital and Harbor International Fund").  Because the right to seek rescission of the Advisory Agreement belongs only to the parties to that contract – the Fund and HCA – Plaintiff may bring a Section 47(b) claim derivatively only.  *See, e.g., Hamilton v. Allen*, 396 F. Supp. 2d 545, 558 (E.D. Pa. 2005) ("Because Plaintiffs are not, as individuals a party to the advisory contracts and because they did not bring the present claim as a derivative action, they do not have standing to pursue this claim."); *Davis v. Bailey*, No. CIVA05CV00042, 2005 WL 3527286, at *6 (D. Colo. Dec. 22, 2005) (holding that "Plaintiffs do not have standing to pursue a claim under § 47(b)," where the "Complaint alleges that the agreements at issue were between the Advisor Defendants and the funds—the Plaintiffs were not parties").

### B. Plaintiff Has Failed To Comply With The Pre-Suit Demand Requirements For His Derivative Section 47(b) Claim

It is well-established that "[t]he directors of a corporation and not its shareholders manage the business and affairs of the corporation, and accordingly, the directors are responsible for deciding whether to engage in derivative litigation." *Levine v. Smith*, 591 A.2d 194, 200 (Del. 1991).[2] Because a derivative action asserts rights belonging to the corporation, "the right of a stockholder to prosecute a derivative suit is limited to situations where either the stockholder has demanded the directors pursue a corporate claim . . . or where demand is excused." *Stone v. Ritter*, 911 A.2d 362, 366-67 (Del. 2006); *accord Oakland Cnty. Emps. Ret. Sys. v. Massaro*, 772 F. Supp. 2d 973, 976 (N.D. Ill. 2011). "By its very nature the derivative action impinges on the managerial freedom of directors," and the demand requirements exist "first to insure that a stockholder exhausts his intracorporate remedies and then to provide a safeguard against strike suits." *Aronson v. Lewis*, 473 A.2d 805, 811-12 (Del. 1984). The demand requirements thus "preserve[s] the primacy of board decisionmaking [sic] regarding legal claims belonging to the corporation." *In re Citigroup Inc. S'Holder Deriv. Litig.*, 964 A.2d 106, 120 (Del. Ch. 2009). They also deter "costly, baseless suits by creating a screening mechanism to eliminate claims where there is only suspicion expressed solely in conclusory terms." *Grimes v. Donald*, 673 A.2d 1207, 1217 (Del. 1996).

If a plaintiff elects not to make a demand that the trustees pursue litigation, the only way for a plaintiff to proceed on a derivative claim is to attempt to "overcome the powerful presumptions of the business judgment rule" by establishing that demand should be excused on

---

[2] State law governs the substantive contours of the demand requirement. *See In re Abbott Depakote S'holder Deriv. Litig.*, 909 F. Supp. 2d 984, 992 (N.D. Ill. 2012). Here, the Fund is a Delaware statutory trust, and thus Delaware law applies. *See Levine v. Prudential Bache Props., Inc.*, 855 F. Supp. 924, 940 (N.D. Ill. 1994) ("Because the Funds were organized in Delaware, the court will look to Delaware law for the substantive rule governing demand futility.").

grounds of futility. *White v. Panic*, 783 A.2d 543, 550 (Del. 2001). Under Delaware law, the standard for demonstrating demand futility is, appropriately, "quite high." *In re Merck & Co. Sec., Deriv. & ERISA Litig.*, 493 F.3d 393, 402 (3d Cir. 2007). The "key principle" upon which demand futility "jurisprudence is based is that the directors are entitled to a *presumption* that they were faithful to their fiduciary duties. In the context of presuit demand, the burden is upon the plaintiff to overcome that presumption." *Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart*, 845 A.2d 1040, 1048-49 (Del. 2004) (emphasis in original). To overcome this presumption, a plaintiff must show that a majority of the directors/trustees appeared on both sides of the transaction or that "there is a substantial likelihood that a company's directors would face personal liability for the conduct complained of in the demand." *In re Abbott Depakote*, 909 F. Supp. 2d 984, 992 (N.D. Ill. 2012) (citing *Wood v. Baum*, 953 A.2d 136, 141 n.11 (Del. 2008)).

Fed. R. Civ. P. 23.1 defines the pleading requirements of demand and demand futility in derivative actions. *See* Fed. R. Civ. P. 23.1; *Daily Income Fund*, 464 U.S. at 528. Under Rule 23.1, a plaintiff pursuing a derivative claim <u>must</u> "state with particularity" his efforts to "obtain the desired action from the directors or comparable authority," as well as "the reasons for not obtaining the action or not making the effort." Fed. R. Civ. P. 23.1(b)(3). Indeed, Rule 23.1 represents a "deliberate departure from the relaxed policy of notice pleading" by requiring "meticulous specification" of the facts surrounding a plaintiff's failure to make a demand. *Kamen v. Kemper Fin. Servs.*, 659 F. Supp. 1153, 1161 (N.D. Ill. 1987). *See Zurich Capital Mkts. Inc. v. Coglianese*, 332 F. Supp. 2d 1087, 1115 (N.D. Ill. 2004) ("[F]ederal courts strictly apply the particularity standard to derivative actions.") (internal quotation marks omitted).

Although Plaintiff refers to his Complaint as a "derivative action," Compl. ¶ 1, and he asserts that his Section 36(b) claim is being pursued derivatively, *id.* ¶ 39, he has not made a demand on the Independent Trustees with respect to his Section 47(b) claim and does not attempt to plead any facts whatsoever that could excuse his failure. Indeed, the Complaint wholly ignores Plaintiff's burden under Rule 23.1 to plead that he has complied with the demand requirement or should be excused from making that demand. To be sure, Plaintiff makes a conclusory assertion that "the trustees are in all practical respects dominated and unduly influenced by defendant Harbor Capital in reviewing the fees paid by Harbor International Fund and its security holders." Compl. ¶ 33. However, this generalization does not demonstrate (or even suggest) that a majority of the Independent Trustees appear on both sides of the Advisory Agreement transaction (because they do not) or that the Independent Trustees derive a personal financial benefit from the Advisory Agreement not equally shared by the shareholders (because they do not). Moreover, the fact that the Independent Trustees approved the Advisory Agreement does <u>not</u> upset the settled presumption of a director's capability to consider a shareholder demand. *See Aronson*, 473 A.2d at 815 ("In Delaware mere directorial approval of a transaction, absent particularized facts supporting a breach of fiduciary duty claim, or otherwise establishing a lack of independence or disinterestedness of a majority of the directors, is insufficient to excuse demand."). In short, Plaintiff has not alleged any basis for demand to be excused with respect to his derivative Section 47(b) rescission claim.

Accordingly, because Plaintiff has neither made the required demand on the Fund with respect to his derivative Section 47(b) claim nor has he pled a basis for excusing the demand requirement, this claim too should be dismissed.

## CONCLUSION

For the foregoing reasons, the Fund respectfully requests that the Court dismiss the

Complaint with respect to the Fund.

Dated: March 31, 2014                     Respectfully submitted,

                                       **HARBOR INTERNATIONAL FUND**

                         By:   /s/   *Joni S. Jacobsen*
                                 Joni S. Jacobsen
                                 Angela M. Liu
                                 Dechert LLP
                                 77 W. Wacker Drive, Suite 3200
                                 Chicago, IL 60601
                                 Telephone: (312) 646-5800
                                 joni.jacobsen@dechert.com
                                 angela.liu@dechert.com

                                 Matthew L. Larrabee (admitted *pro hac vice*)
                                 David A. Kotler (admitted *pro hac vice*)
                                 Joanna L. Barry (admitted *pro hac vice*)
                                 Dechert LLP
                                 1095 Avenue of the Americas
                                 New York, NY 10036
                                 Telephone: (212) 698-3500
                                 matthew.larrabee@dechert.com
                                 david.kotler@dechert.com
                                 joanna.barry@dechert.com

                                 *Attorneys for Nominal Defendant*
                                 *Harbor International Fund*