IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE ZEHRER, Derivatively on Behalf of HARBOR INTERNATIONAL FUND,<br><br>Plaintiff,<br><br>v.<br><br>HARBOR CAPITAL ADVISORS, INC.,<br><br>Defendant,<br><br>-and-<br><br>HARBOR INTERNATIONAL FUND,<br><br>Nominal Defendant. | Case No. 1:14-CV-00789<br><br>Honorable Joan Humphrey Lefkow |

## SCHEDULING ORDER

Plaintiff Terrence Zehrer, by one of his attorneys, Norman Rifkind, and defendant Harbor Capital Advisors, Inc., by one of its attorneys, Paul Walsen, having met and conferred pursuant to Fed. R. Civ. P. 26(f), respectfully submit the following proposed scheduling order:

1.    The parties believe that an early settlement conference is not likely to result in the disposition of the case.

2.    The parties shall make Rule 26(a)(1) disclosures within fourteen days after such time, if any, as the Court determines that plaintiff has pleaded a complaint stating a cause of action under § 36(b) of the Investment Company Act of 1940, as amended, 15 U.S.C. §80a-35(b) ("§ 36(b)") and Fed. R. Civ. P. 12(b)(6).

3.    On or before June 30, 2014, defendant Harbor Capital Advisors, Inc. ("HCA") shall, subject to the terms of the Agreed Protective Order dated May 12, 2014 ("Protective

Order"), produce non-privileged portions of the minutes of the February 12-14, 2012, February 10-12, 2013, and March 25-26, 2013 meetings of the Board of Trustees of Harbor Funds (the "Board") pertaining to Harbor International Fund (the "Fund") and the Board's approval of the advisory and subadvisory agreements for the Fund. In addition, and also subject to the terms of the Protective Order, HCA will produce non-privileged portions of documents provided to the Board pursuant to the Independent Trustees' 15 U.S.C. §80a-15(c) request letters pertaining to the Board's consideration of the advisory and subadvisory agreements for the Fund at such meetings.

4. Plaintiff will not amend, or seek leave to amend, his complaint in this matter until the Court has ruled upon the Motion of Harbor Capital Advisors, Inc. to Dismiss ("MTD") filed by HCA on March 31, 2014.

5. Other than HCA's production of documents as set forth in paragraph 3, above, all party and third-party discovery in this action is stayed until such time, if any, as the Court determines that plaintiff has pleaded a complaint stating a cause of action against HCA under § 36(b) and Fed. R. Civ. P. 12(b)(6). In such event, fact discovery shall be completed no more than eight months from the date on which such discovery is commenced.

6. Expert discovery shall commence promptly upon the closure of fact discovery and shall be completed no more than three months after the date such expert discovery is commenced, in accordance with a schedule to be agreed upon by the parties.

7. Any motion challenging the qualifications of a designated expert must be made within 21 calendar days after the deposition of the expert or the close of expert discovery, whichever is earlier. If no motion is filed, the court may deem such challenges waived.

8. Before a dispositive motion is filed, the parties will exchange demand and offer

letters in an effort to reach resolution of the case. A status hearing will be set on a date determined by the Court, approximately two weeks before the close of expert discovery. During the status hearing, the parties will report on any outstanding discovery issues, as well on the possibility of settlement and whether a settlement conference with a judge may be helpful. The parties should expect to be referred to a magistrate judge for settlement discussions before filing a motion for summary judgment. Also at this status hearing, the court will set a schedule for disposition of the case, including trial dates.

      9.      The parties do not consent to proceed before a magistrate judge.

      10.      Counsel for nominal defendant Harbor International Fund has reviewed and consents to the entry of this Proposed Scheduling Order.

Dated: June 2, 2014

ENTER:

_____
Honorable Joan Humphrey Lefkow

AGREED:

| | |
|---|---|
| HARBOR CAPITAL ADVISORS, INC. | TERRENCE ZEHRER |

By   /s/ John W. Rotunno                By   /s/ Justin D. Rieger
     One of its attorneys         One of his attorneys

John W. Rotunno
Stephen J. O'Neil
Paul J. Walsen
Molly K. McGinley
Nicole C. Mueller
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602
Telephone: (312) 372-1121
Facsimile: (312) 827.1278

Brian J. Robbins
Stephen J. Oddo
Edward B. Gerard
Justin D. Rieger
ROBBINS ARROYO LLP
600 B Street, Suite 1900
San Diego, CA 92010
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

Norman Rifkind
Amelia S. Newton
LASKY & RIFKIND, LTD.
351 W. Hubbard Street, Suite 401
Chicago, IL 60654
Telephone: (312) 634-0057
Facsimile: (312) 634-0059

HARBOR INTERNATIONAL FUND

By   /s/ Matthew L. Larrabee
     One of its attorneys

Joni S. Jacobsen
Angela M. Liu
DECHERT LLP
77 W. Wacker Drive, Suite 3200
Chicago, IL 60601
Telephone: (312) 646-5800

Matthew L. Larrabee
David A. Kotler
Joanna L. Barry
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500