IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TERENCE ZEHRER | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No: 14-CV-00789 |
| HARBOR CAPITAL ADVISORS, INC. | ) | Judge Joan H. Lefkow |
| | ) | Magistrate Judge Susan E. Cox |
| Defendant. | ) | |

| | | |
|---|---|---|
| RUTH TUMPOWSKY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 14-CV-07210 CONSOLIDATED |
| HARBOR CAPITAL ADVISORS, INC. | ) | |
| Defendant. | ) | |

**ORDER**

Defendant's Motion to Compel Plaintiffs' Production of Documents [Dkt. 131] is granted in part, and denied in part. Plaintiffs are ordered to produce the narrowed discovery sought following the parties' meet and confer conference – namely, Plaintiffs must produce documents relating to ownership in bond mutual funds or international mutual funds in the past five years.

**I.     BACKGROUND**

Plaintiffs in this consolidated action are investors in two mutual funds that are advised by Defendant Harbor Capital Advisors, Inc. ("HCA"). The funds at issue are the Harbor International Fund and Harbor High-Yield Bond Fund. Plaintiffs allege that HCA has violated Section 36(b) of Investment Company Act of 1940 (the "1940 Act") by charging excessive fees.

1

HCA served Plaintiffs with discovery requests, and when Plaintiffs objected to the breadth and relevance of those document requests, HCA filed the instant motion to compel, seeking "all documents from Plaintiffs relating to: (a) Plaintiffs' investments in Harbor Funds from the time of their initial investment to the present; and (b) any other mutual fund or stock investments during the period from January 1, 2005 to the present." (Dkt. 131 at 2.) Following a hearing on that motion, this Court ordered the parties to meet and confer and attempt to narrow the scope of discovery. (Dkt. 133.) At a subsequent status hearing to discuss the progress of those negotiations, HCA reported that it had narrowed its requests to include: 1) account statements regarding the purchase or sale of the two funds at issue in the case, and 2) documents relating to the ownership of mutual funds in the same category as the relevant funds – international mutual funds and bond mutual funds – for the five year period preceding the filing of this law suit. However, Plaintiff objected to this production on the basis of relevance, and this Court set a briefing schedule for the motion. Plaintiff's memorandum in opposition reports that the parties were able to reach a compromise on the production of documents relating the funds that HCA managed, leaving only the matter of production of documents relating to the Plaintiffs' investments in other international and bond mutual funds. For the reasons discussed more fully below, the Plaintiffs are ordered to produce documents related to this narrowed request.

## II.     DISCUSSION

Section 36(b) of the 1940 Act states that investments advisers "shall be deemed to have a fiduciary duty with respect to the receipt of compensation for services, or of payments of a material nature . . . ." 15 U.S.C. § 80a-35(b). "[T]o face liability under § 36(b), an investment adviser must charge a fee that is so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's length

bargaining." *Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 345-46 (2010). In order to determine the reasonableness of the adviser's fees, courts should consider "all relevant factors." *Id.* at 349; *see also*, *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.* 694 F.2d 923, 930 (2d Cir. 1982) ("The legislative history of § 36(b) makes clear that Congress 'intended that the court look at all the facts in connection with the determination and receipt'" of adviser fees). Although courts, including the Supreme Court, have questioned the relative probative value of comparing fees charged by other investment advisers, no court has ruled that such information is irrelevant to a claim brought under Section 36(b). *See Jones*, 559 U.S. at 350-51 ("[C]ourts should not rely too heavily on comparisons with fees charged to mutual funds by other advisers"); *see Gartenberg*, 694 F.2d at 929 (holding that "price charged by other similar advisers to funds managed by them" is not the principal factor in evaluating fee's fairness, while noting "[w]e do not suggest that rates charged by other advisers to other similar funds are not a factor to be taken into account"). Rule 26(b)(1) of the Federal Rules of Civil Procedure allows discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense."

Plaintiffs argue that the documents HCA seeks are irrelevant and that HCA can get the information it seeks from other sources. First, the documents are clearly relevant and no court has held otherwise. Courts have certainly questioned the probative value of such information for a number of reasons, but those questions concern the weight of the evidence, not its relevance or discoverability. The fees charged by the other advisers with whom the plaintiffs invest would shed some light on whether those fees could be the result of arm's length negotiations.[1] Perhaps they will not shed much light, but given the broad scope of discoverable materials under the

---

[1] The Court does not reach the issue of whether every purported reason proposed by HCA for this discovery is appropriate. For example, it is unclear whether the Plaintiffs' own belief in their allegations is relevant to this action. However, HCA has articulated reasons that go to the heart of Plaintiff's cause of action -- namely, that these documents would tend to show whether the fees charged by HCA are reasonable – thereby carrying its burden to demonstrate why the documents it seeks are relevant.

3

Federal Rules of Civil Procedure, documents providing such information would clearly be relevant to HCA's defense of this law suit. Second, the fact that other sources of this information exist does not excuse the Plaintiffs from their duties under federal discovery rules. If the Plaintiffs have relevant documents, and those documents are properly requested by HCA, the Plaintiffs have a duty to produce that information. As such, the documents sought by HCA's narrowed requests are relevant HCA's defense, and must be produced.

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Compel Plaintiffs' Production of Documents [Dkt. 131] is granted in part, and denied in part. Plaintiffs are ordered to produce the narrowed discovery sought following the parties' meet and confer conference – namely, Plaintiffs must produce documents relating to ownership in bond mutual funds or international mutual funds in the past five years.

**ENTERED:**

**DATED:** January 13, 2016

_____
Susan E. Cox
United States Magistrate Judge