IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE ZEHRER, <br><br> Plaintiff, <br><br> v. <br><br> HARBOR CAPITAL ADVISORS, INC., <br><br> Defendant. | Case No. 14-CV-00789 <br><br> Consolidated |
| RUTH TUMPOWSKY, <br><br> Plaintiff, <br><br> v. <br><br> HARBOR CAPITAL ADVISORS, INC., <br><br> Defendant. | Case No. 14-CV-07210 <br><br> Honorable Joan Humphrey Lefkow |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO FILE UNDER SEAL DOCUMENTS RELATING TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Harbor Capital Advisors, Inc. ("HCA"), by its undersigned counsel, respectfully submits this Memorandum in Support of its Motion to File Under Seal Documents Relating to Defendant's Motion for Summary Judgment.

**PRELIMINARY STATEMENT**

Pursuant to Local Rule 26.2 of the United States District Court for the Northern District of Illinois, and in accordance with paragraph 11 of the Agreed Protective Order entered in this case on June 3, 2014, HCA respectfully requests that the Court grant it leave to file certain documents under seal, some in their entirety and some only as to limited portions. Certain Exhibits to the Declaration of Nicole C. Mueller (hereinafter the "Fully Confidential Documents") are confidential in their entirety or contain so much confidential information that

the confidential information therein cannot reasonably be segregated from any non-confidential information. Other documents, including portions of HCA's Memorandum in Support of its Motion for Summary Judgment ("Memorandum"), portions of HCA's Statement of Material Facts As to Which There Is No Genuine Dispute ("Statement of Material Facts"), and portions of certain other Exhibits to the Declaration of Nicole C. Mueller (hereinafter the "Partially Confidential Documents"), contain confidential information that can be segregated from non-confidential information. As to such documents, HCA proposes to redact limited passages containing confidential information.[1] In accordance with Local Rule 26.2(c), HCA has filed redacted versions of the Partially Confidential Documents and provisionally filed the Fully Confidential Documents electronically under seal.

The Fully Confidential Documents include minutes of meetings of the Board of Trustees of Harbor Funds (hereinafter the "Harbor Funds Board"); legal memoranda provided to the Harbor Funds Board by Dechert LLP ("Dechert"), counsel to Harbor Funds and to the Independent Trustees of the Harbor Funds Board, in connection with the statutory approval by the Harbor Funds Board of advisory agreements for each of the Harbor Funds at issue in this case; and the deposition transcripts of members of HCA's executive management, Brian Collins, Charles F. McCain and David G. Van Hooser, as well as one of Plaintiffs' proffered experts, Dr. Richard W. Kopcke.[2] The foregoing documents and deposition transcripts contain information concerning the profitability and expenses of HCA, including subadvisory fee schedules, and/or

---

[1] A chart listing the confidential treatment, if any, requested for each exhibit to the Mueller Declaration that is the subject of this Motion to File Under Seal, is attached hereto as Exhibit 1.

[2] HCA is also requesting leave to file certain deposition transcripts under seal because they were designated as confidential by the Plaintiffs (deposition transcript Plaintiff Terrence Zehrer (Mueller Decl., Ex. 132), confidential documents produced by Mr. Zehrer (Mueller Decl., Ex. 130-31, 133-35) and excerpts of the deposition transcript of Plaintiffs' expert Kent E. Barrett (Mueller Decl., Ex. 118)) or by third parties (deposition transcripts of Independent Trustees Raymond Ball (Mueller Decl., Ex. 5), Rodger Smith (Mueller Decl., Ex. 21) and Howard Colhoun (Mueller Decl., Ex. 54)).

information concerning the business strategies and methods of HCA, and it would be difficult to redact these documents in part because of the frequency with which such sensitive information appears throughout the documents. (*See* Declaration of Charles F. McCain, hereinafter "McCain Decl." ¶¶ 3-10)

The Partially Confidential Documents include excerpts from materials provided to the Harbor Funds Board in connection with the Board's statutory approval of advisory agreements for each of the Harbor Funds at issue in this case (hereinafter "Board Materials and 15(c) Response"); excerpts from the audited Consolidated Financial Statements of HCA; correspondence between HCA and Northern Cross Investments Ltd. (a subadviser to HCA) regarding pricing; Investment Advisory Agreement for Subadvisers Harbor International Fund and Investment Advisory Agreement for Subadvisers Harbor High Yield Bond Fund (hereinafter "Subadvisory Agreements"); portions of the deposition transcript of Anmarie Kolinski, Executive Vice President and Chief Financial Officer of HCA, and an excerpt from the Expert Report of Dr. Christopher M. James (one of HCA's proffered experts). The material that has been redacted from the Partially Confidential Documents constitutes confidential and proprietary data and information similar to that contained in the Fully Confidential Documents, including discussion and analysis of confidential and highly sensitive financial and business information relating to HCA. (McCain Decl. ¶¶ 3-6, 9, 10)

By joint motion filed on May 20, 2014, the parties stipulated that such information could be treated confidentially to avoid public disclosure. (Dkt. No. 57) The Court entered the Agreed Protective Order on June 3, 2014. (*See* Dkt. No. 62) All of the information HCA now seeks to file under seal was designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to

the Court's Order, at the time it was produced by HCA, by Plaintiffs or by the Independent Trustees of The Harbor Funds Board.

Public disclosure of the information contained in the Fully Confidential Documents and the redacted portions of the Partially Confidential Documents would place HCA at a severe competitive disadvantage in the already highly-competitive investment management industry. (McCain Decl. ¶¶ 3-10) Information pertaining to the profitability, costs of operation, including negotiated subadvisory fee schedules, and business strategies and methods of HCA constitute proprietary and confidential business information which should not be subject to public disclosure. (*Id.* at ¶¶ 3-10) Accordingly, pursuant to Local Rule 26.2 and the Agreed Protective Order entered by this Court on June 3, 2014 (Dkt. No. 62), good cause exists to permit HCA to protect its proprietary confidential information by filing the documents and portions of documents identified herein under seal.

## ARGUMENT

Rule 26 of the Federal Rules of Civil Procedure provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G); *see also Standard Process, Inc. v. Total Health Discount, Inc.*, 559 F. Supp. 2d 932, 943–46 (E.D. Wis. 2008) (granting motion to file under seal after concluding that a client account list was confidential where producing party had taken reasonable steps to preserve its confidentiality). A motion to seal pleadings or documents submitted to the court may be granted upon a showing of good cause by the movant. *See Standard Process*, 559 F. Supp. 2d at 944. "Good cause may be established by

4

showing that particular information amounts to a trade secret such that disclosure would put the holder at a competitive disadvantage if made public." *JamSports & Entm't, LLC v. Paradama Prods., Inc.*, No. 02-C-2298, 2005 WL 14917, at *2 (N.D. Ill. Jan. 3, 2005) (granting motion to file under seal business plans and projections and expense and revenue data); *see also Entm't USA, Inc. v. Moorehead Commc'ns, Inc.*, No. 1:12-CV-116, 2015 WL 3617126, at *2 (N.D. Ind. June 9, 2015) (citing *Baxter Int'l, Inc. v. Abbott Lab.*, 297 F.3d 544, 546 (7th Cir.2002) ("Good cause may exist if the documents are sealed in order to maintain the confidentiality of . . . nonpublic financial and business information"); *Metavante Corp. v. Emigrant Sav. Bank*, No. 05–CV–1221, 2008 WL 4722336, at *9–10 (E.D. Wis. Oct. 24, 2008) (finding that good cause existed to warrant the sealing of documents related to nonpublic financial information such as account balances, pricing, business plans, and strategies).

In this case, good cause exists to maintain the Fully Confidential Documents and the material redacted from the Partially Confidential Documents under seal. Because the information HCA seeks to file under seal contains confidential and proprietary information concerning the profitability and expenses, including subadvisory fee schedules, and/or information containing business strategies and methods of HCA, it should not be placed in the public domain. (McCain Decl. ¶¶ 3-10) Information of this type consistently is deemed "confidential" by courts and the proper subject of a motion to seal. *See Strait v. Belcan Eng'g Grp., Inc.*, No. 11-CV-1306, 2012 WL 2277903, at *3 (N.D. Ill. June 18, 2012) (granting leave to the parties to file under seal portions of documents containing confidential information about costs that would create an unfair advantage to competitors); *see also Avocent Redmond Corp. v. Raritan Ams., Inc.*, No. 10-CIV.-6100, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (granting leave to file under seal documents that included confidential legal communications,

business trade secrets, employment information, and business information such as market forecasts, sales, inventory management, and profit margins because disclosing such "would cause competitive harm"); *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, No. 03-6025, 2007 WL 2085350, at *5 (D.N.J. July 18, 2007) (holding that profit margins are subject to protection because "it is in the best interest of corporations to keep cost and profit information sealed from the public and their competitors, to ensure their competitiveness in the marketplace").

The Supreme Court has recognized the importance of restricting public access to documents constituting "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Carter v. Welles-Bowen Realty, Inc.*, 628 F.3d 790, 791 (6th Cir. 2010) (granting motion to file "confidential financial information" under seal). Courts also have deemed materials disclosing business strategies and methods to be confidential, concluding that there is a compelling reason to prevent disclosure of confidential information that "would harm . . . businesses while giving . . . competitors an unearned advantage." *F.T.C. v. OSF Healthcare Sys.*, No. 11-cv-50344, 2012 WL 1144620, at *10–11 (N.D. Ill. Apr. 5, 2012) (granting defendants' request to maintain under seal "competitively sensitive" information such as confidential financial and operating data, discussions of future goals and strategies, confidential performance and operation statistics and confidential content of meetings of the board of directors and finance committee).

In cases brought under Section 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(b), courts in the Seventh, Third and Ninth Circuits have permitted defendants to file under seal the same type of information and documents which HCA seeks to file under seal in the instant action, including information related to profitability, operating costs and director or

6

trustee analysis of investment advisory agreements. *See, e.g.*, *Kasilag v. Hartford Inv. Fin. Servs., LLC*, No. 1:11-CV-01083 (D.N.J.), Dkt. No. 181; *Jones v. Harris Assocs. L.P.*, Case No. 1:04-CV-8305 (N.D. Ill.), Dkt. No. 155; *see also In re Am. Mut. Funds Fees Litig.*, Case No. 2:04-CV-05593 (C.D. Cal.), Dkt. Nos. 335, 362, 485, 517. In addition, the SEC has recognized the highly sensitive nature of certain records kept by investment advisers in light of the competitiveness of the mutual fund industry. *See* In re Disclosure Regarding Approval of Inv. Advisory Contracts, Securities Act Release No. 33-8433, SEC Dkt. 261, 2004 WL 1575180 (June 23, 2004) (recognizing that disclosure of cost and profitability information "could have harmful competitive effects on investment advisers" and "clarify[ing] that disclosure of specific proprietary information about the operating costs and profits of the investment adviser and its affiliates is not necessary . . . .").

## I. THE FULLY CONFIDENTIAL DOCUMENTS

HCA respectfully requests that the Court allow the following Fully Confidential Documents to be filed under seal, all of which are Exhibits to the Declaration of Nicole C. Mueller (the "Mueller Declaration"):

**A. Exhibits 15-18, 39-40, 58, 124 and 126 to the Mueller Declaration: Board Meeting Minutes**

HCA requests that Exhibits 15-18, 39-40, 58, 124 and 126 to the Mueller Declaration, the minutes of meetings of the Harbor Funds Board (hereinafter "Board Meeting Minutes"), be maintained under seal in their entirety. The Board Meeting Minutes contain extensive summaries of the topics discussed at meetings of the Harbor Funds Board in connection with the Board's review and consideration of the Board Materials and 15(c) Responses, including highly confidential current, historical, and prospective financial, strategic and operational information concerning HCA. (McCain Decl. ¶7) As a result, HCA treats the minutes of Harbor Funds

7

Board meetings and the information shared at meetings of the Independent Trustees as confidential and proprietary. (*Id.*) HCA and the Harbor Funds Board often exchange ideas based on the expectation that their discussions will remain confidential, and they generally have an expectation that information relating to the Harbor Funds Board's governance process will be treated confidentially. (*Id.*) Such confidential treatment enables frank and open discussion between HCA and the Harbor Funds Board. (*Id.*) If such information were to be publicly disclosed, it would have a chilling effect on future Harbor Funds Board meetings and could hinder the Harbor Funds Board's ability to fulfill its duties. HCA also believes that public disclosure would subject HCA to competitive harm because of the confidential financial and strategic information disclosed in the minutes. (*Id.*)

### B. Exhibits 63 and 65-67 to the Mueller Declaration: Legal Memoranda

HCA requests that Exhibits 63 and 65-67 to the Mueller Declaration, the legal memoranda provided to the Harbor Funds Board by Dechert (hereinafter "Legal Memoranda"), which contain legal analysis and advice provided to the Harbor Funds Board in connection with the annual Investment Advisory Agreement review, evaluation and approval process in 2012, 2013, 2014 and 2015, be filed under seal in their entirety. The Legal Memoranda were provided to the Harbor Funds Board by the Dechert law firm and were produced in this litigation with the expectation that they would be maintained in confidence. (*Id.*) Like the Board Meeting Minutes, the Legal Memoranda may reveal confidential aspects of the deliberative process of the Harbor Funds Board, which are not intended for public disclosure. (*Id.*)

### C. Exhibits 23-24, 31 and 117 to the Mueller Declaration: Deposition Transcripts

HCA requests that Exhibits 23-24, 31 and 117 to the Mueller Declaration, which are the deposition transcripts of Brian Collins (Executive Vice President and Chief Investment Officer of HCA) (Ex. 23), Charles F. McCain (Executive Vice President, General Counsel of HCA) (Ex.

8

31), David Van Hooser (Chief Executive Officer of HCA) (Ex. 24), as well as excerpts from the deposition transcript of Richard W. Kopcke (one of Plaintiffs' proffered experts) (Ex. 117), be filed under seal in their entirety. These deposition transcripts contain detailed and highly confidential current, historical, and prospective financial, strategic and operational information concerning HCA, including profitability and expense information, information about negotiations with subadvisers and other third parties, and other sensitive business information. (McCain Decl. ¶ 3-10) In accordance with the Court's standing order which requires the filing of complete transcripts if they are less than 100 minuscript pages, HCA is filing the full transcripts of the depositions of Messrs. Collins, McCain and Van Hooser. HCA also is filing ten pages before and ten pages after each excerpt of the deposition transcripts of Mr. Kopcke. Due to the length of these deposition transcripts and excerpts, the frequency of testimony regarding confidential information, and the difficulty in segregating confidential from non-confidential information, HCA requests that the entire transcripts of these depositions be maintained under seal.

## II. THE PARTIALLY CONFIDENTIAL DOCUMENTS

HCA seeks to file limited portions of the following Partially Confidential Documents under seal:

### 1. Memorandum in Support of Motion for Summary Judgment

HCA requests that limited portions of the Memorandum which have been submitted in redacted form be maintained under seal. The redacted portions of the Memorandum contain confidential information regarding the profitability of HCA, internal cost and expense data, Plaintiffs' personal financial information, and excerpts of deposition testimony that has been designated as confidential by HCA. This information is considered highly confidential by HCA

and the disclosure of these materials would unfairly prejudice HCA in connection with the operation of its business. (McCain Decl. ¶3-10)

2. **Statement of Material Facts**

HCA requests that the limited portions of the Statement of Material Facts that have been submitted in redacted form be maintained under seal. HCA has redacted only those portions of the document that contain confidential information regarding the profitability of HCA, including the methodologies utilized by HCA in presenting its profitability to the Board of Trustees, and internal cost and expense data and information about HCA's negotiations with a subadviser over subadvisory fees. This information is considered highly confidential by HCA and the disclosure of these materials would unfairly prejudice HCA in connection with the operation of its business. (McCain Decl. ¶¶3-6) In addition, limited portions of the Statement of Material Facts referencing personal financial information of the Plaintiffs have been redacted.

3. **Exhibits to the Mueller Declaration**

   a. **Exhibits 6-7, 9, 26, 28-30, 41-42, 72, 80, 88, 95, 96, 103, 107, 109, 110-14 and 119-122 to the Mueller Declaration: Excerpts from Board Materials and 15(c) Responses**

HCA requests that certain portions of Exhibits 6-7, 9, 26, 28-30, 41-42, 72, 80, 88, 95-96, 103, 107, 109, 110-14 and 119-122 to the Mueller Declaration, the Board Materials and 15(c) Responses, which contain excerpts of materials provided to the Harbor Funds Board in connection with the annual Investment Advisory Agreement review, evaluation and approval process in 2012, 2013, 2014 and 2015, be maintained under seal. The Board Materials and 15(c) Responses contain detailed and highly confidential current, historical, and prospective financial, strategic and operational information concerning HCA. (McCain Decl. ¶¶5-6) The Board Materials and 15(c) Responses include non-public information concerning HCA's profitability,

costs, expenses, including subadvisory fee schedules, as well detailed information about business strategies. (*Id.*) But for its relationship with Harbor Funds, HCA would not release such highly sensitive information, the disclosure of which to the general public would cause HCA great competitive harm. (*Id.*) HCA shares the Board Materials and 15(c) Responses with the Harbor Funds Board in strict confidence. (*Id.*) Such materials maintain their confidential nature, despite the disclosure of such materials by an investment adviser of a fund to the board of the same fund. *See In re Am. Mut. Funds Fees Litig.*, Case No. 2:04-cv-05593 (C.D. Cal.), Dkt. Nos. 335, 362 (holding that good cause existed to maintain under seal materials prepared and distributed to the board of directors by the investment adviser). Even within HCA, only limited personnel have access to the Board Materials and 15(c) Responses. (McCain Decl. ¶¶5-6) HCA considers the content of those materials to be highly proprietary, trade secret and confidential. (*Id.*) The disclosure of the content of the Board Materials and 15(c) Responses would cause HCA harm. (*Id.*)

### b. Exhibit 115 and 116 to the Mueller Declaration: Excerpts of the Audited Consolidated Financial Statements of HCA

HCA requests that certain portions of Exhibits 115 and 116 to the Mueller Declaration, excerpts of HCA's audited Consolidated Financial Statements for years ended December 31, 2013 and 2012 and years ended December 31, 2014 and 2013 (the "Audited Financial Statements") be maintained under seal. The Audited Financial Statements include non-public information concerning HCA's profitability, costs and expenses, and are available to the Harbor Funds Board for consideration during the annual Investment Advisory Agreement review, evaluation and approval process in 2012, 2013, 2014 and 2015. (McCain Decl. ¶ 9) But for its relationship with Harbor Funds, HCA would not release such highly sensitive information, the

disclosure of which to the general public would cause HCA great competitive harm. (*Id.*) HCA shares the Audited Financial Statements with the Harbor Funds Board in strict confidence. (*Id.*)

### c. Exhibit 125 to the Mueller Declaration: Correspondence With Northern Cross Investments Ltd. Memorializing Subadviser Breakpoints

HCA requests that certain portions of Exhibit 125 to the Mueller Declaration, Correspondence from David G. Van Hooser to Hakan Castegren of Northern Cross Investments Ltd. dated June 25, 2008 (the "Northern Cross Correspondence"), be maintained under seal. The Northern Cross Correspondence contains non-public information concerning the subadvisory fee schedule applicable to subadvisory services provided by Northern Cross to the Harbor International Fund. (McCain Decl. ¶¶4, 9) This information is considered highly confidential by both HCA and its subadviser, and the disclosure of these materials would unfairly prejudice HCA in connection with the operation of its business. (*Id.*)

### d. Exhibits 36 and 37 to the Mueller Declaration: Subadvisory Agreements

HCA requests that certain portions of Exhibits 36 and 37 to the Mueller Declaration, Subadvisory Agreements, be maintained under seal. Specifically, Schedule A to each of the Subadvisory Agreements contains the negotiated subadvisory fee schedule for each of the Funds. HCA considers the subadvisory fee schedule to be highly confidential because disclosure of such fee information could compromise HCA's ability to negotiate subadvisory fee schedules with other prospective subadvisers in similar asset classes as well as provide an advantage to competitors of HCA in negotiating fees with existing subadvisers of the Harbor Funds, causing severe harm to HCA and shareholders of Harbor Funds. (McCain Decl. ¶4)

### e. Exhibit 14 to the Mueller Declaration: Excerpts of Transcript of Deposition of Anmarie Kolinski

HCA requests that certain portions of Exhibit 14 of the Mueller Declaration, the deposition of Anmarie Kolinski, be maintained under seal. The redacted portions of this

deposition transcript relate to the profitability of HCA, including the methodologies by which the profitability of HCA is presented to the Harbor Funds Board, sensitive business information including negotiations with third parties and information about expenses of HCA, including subadvisory expenses. (McCain Decl. ¶¶4, 5, 6, 9)

### f. Exhibit 43 to the Mueller Declaration: Excerpt of Expert Report of Dr. Christopher M. James

HCA requests that a certain portion of Exhibit 43 to the Mueller Declaration, the Excerpt of the Expert Report of Dr. Christopher M. James (hereinafter the "James Report"), be maintained under seal. The redacted portion of the James Report contains confidential information concerning the expenses of HCA. The disclosure of HCA's expenses to its competitors could cause significant competitive harm to HCA. (McCain Decl. ¶3) This information was disclosed in the James Report with the expectation that it would remain confidential. (McCain Decl. ¶¶3, 10)

## CONCLUSION

HCA has identified and seeks to file under seal only those exhibits or portions of exhibits and those portions of the Statement of Material Facts and Memorandum which contain confidential information, and has made a good faith effort to avoid any excessive or unnecessary redactions. HCA has made every effort to maintain the confidentiality of the documents it now seeks to file under seal, both in HCA's business activities and throughout this case. HCA's approach to discovery has been predicated on the understanding that confidential information would not be filed publicly by either party. As such, HCA respectfully requests that the Court grant its motion to file certain documents under seal in their entirety and to file others partially under seal through redaction of confidential information, all as more fully set forth herein.

Dated:  September 8, 2016                           Respectfully submitted,

                                                    DEFENDANT HARBOR CAPITAL
                                                    ADVISORS, INC.


                                                    By:      /s/ Stephen J. O'Neil
                                                              One of its Attorneys

John W. Rotunno
Stephen J. O'Neil
Paul J. Walsen
Clifford C. Histed
Molly K. McGinley
Nicole C. Mueller
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Telephone:  (312) 372-1121
Facsimile:   (312) 827-8000

Email:  john.rotunno@klgates.com
        stephen.oneil@klgates.com
        paul.walsen@klgates.com
        clifford.histed@klgates.com
        molly.mcginley@klgates.com
        nicole.mueller@klgates.com

*Attorneys for Defendant Harbor Capital Advisors, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on September 8, 2016, the foregoing **Defendant's Memorandum in Support of its Motion to File Under Seal Documents Relating to Defendant's Motion for Summary Judgment** was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to following counsels of record:

Norman Rifkind
LASKY & RIFKIND, LTD.
100 E. Huron Street #1306
Chicago, Illinois 60654

Stephen J. Oddo
Edward B. Gerard
Jenny L. Dixon
ROBBINS ARROYO LLP
600 B Street, Suite 1900
San Diego, California 92101

Andrew W. Robertson
Susan Salvetti
Robin F. Zwerling
Jeffrey C. Zwerling
ZWERLING, SCHACHTER & ZWERLING, LLP
41 Madison Avenue
New York, New York 10010

Arnold C. Lakind
Robert L. Lakind
Daniel S. Sweetser
Christopher S. Myles
Mark A. Fisher
Robert G. Stevens
SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C.
101 Grovers Mill Road, Suite 200
Lawrenceville, New Jersey 08648

Marvin Alan Miller
MILLER LAW LLC
115 South LaSalle Street
Suite 2910
Chicago, Illinois 60603

    /s/ Stephen J. O'Neil